IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03464-SKC-CYC

DANIEL Z. MALDONADO,

    Plaintiff,

v.

ENDURANCE WARRANTY SERVICES, LLC,

    Defendant.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    This matter is before the Court on the Plaintiff's Motion for Appointment of Counsel, ECF No. 20 (the "Motion"). Oral argument will not materially assist in the resolution of this matter and the Motion is appropriately considered even without a response from the defendant. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the Motion is **DENIED without prejudice**.

### BACKGROUND

    The plaintiff initiated this action by filing a pro se complaint on October 30, 2025. ECF No. 1. He was granted leave to proceed in forma pauperis. ECF No. 6. The plaintiff brings a variety of claims against the defendant related to an extended vehicle warranty policy he purchased from the defendant. ECF No. 1 at 2–4.

## ANALYSIS

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. This case, for example is still in its very early stages — the Court has not yet held a Rule 16 Scheduling Conference. *See Diaz v. USI Ins. Servs.*, No. 18-cv-03280-NYW, 2019 WL 13444833, at *2 (D. Colo. Mar. 8, 2019). And to date, the plaintiff "has been a competent participant in this litigation," including seeking and being granted e-filing privileges. ECF No.

19. To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks*, 57 F.3d at 979. Indeed, there is no right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court.

The plaintiff maintains that medical issues stemming from his type-II diabetes make it difficult for him to proceed without counsel. ECF No. 20 at 3–4. That may be true and the Court takes his assertions into account. However, at this early stage of the litigation it does not appear that the plaintiff's foot pain and side-effects from his medications are hindering his ability to represent himself. As noted, the parties have yet to appear before the Court. As a result, this case is entirely different from *McCarthy* where the pro se litigant suffered many severe limitations both with his hearing and ability to speak and was required to litigate his case without counsel through the conclusion of trial. 753 F.2d at 837.

In sum, this case is at an early stage, it is not overly complex from a reading of the complaint, and it is yet unclear how meritorious the plaintiff's claims are. Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Appointment of Counsel, ECF No. 20, is **DENIED without prejudice**.

Entered and dated this 19th day of February 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

4